## No. 12,787.

### THE STATE OF LOUISIANA VS. MOSES ROLLINS.

Though the law has not imposed upon courts the duty of informing accused parties, that they are entitled to counsel, and asking them whether they desire that counsel should be assigned to them—it has become almost universally the practice for them to do so *ex proprio motu.*

While the fact that a prisoner does not ask the court to assign counsel to him, and he chooses to appear by himself, and he is convicted, does not entitle him to a new trial because of his *want* of counsel (State vs. Kelly, 25 An. 382), it is none the less a fact to be considered in connection with others for the purpose of ascertaining whether in any particular case he has been accorded the full opportunities for defence which it is the duty of the State to extend to its people, even those who may be ultimately and deservedly found guilty of crime.

The right to move for a new trial is guaranteed to the defendant in the smallest civil cases. In criminal cases, the same right exists, as also the additional right of moving in arrest of judgment for defects apparent on the face of the record. These rights may be waived by the parties, but they can not be denied by the courts. The law contemplates the giving of reasonable opportunity for preparation and examination. To refuse a reasonable time for the exercise of a right is tantamount to a denial of the right itself. State vs. Gardner, 10 An. 25.

APPEAL from the Twenty-second Judicial District Court for the Parish of St. Bernard. *Hingle, J.*

*M. J. Cunningham,* Attorney General, and *Albert Estopinal, Jr.* (*P. A. Simmons, Jr.,* of Counsel), for Plaintiff, Appellee.

*A. E. & O. S. Livaudais* for Defendant, Appellant.

Argued and submitted April 23, 1898.
Opinion handed down May 16, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J. On the 1st of March, 1897, two informations were filed against the defendant. The first charge that he had, on September 30, 1896, wilfully and maliciously and with a dangerous weapon, to-wit: a pistol, inflicted a wound less than mayhem upon one Wash Williams, with the intent him the said Wash Williams to kill. The second charge that he had on the 30th of September,

State vs. Rollins.

1896, carried concealed about his person a concealed weapon, to-wit: a loaded pistol.

The minutes of the court of date March the 7th, 1897, show that the accused was on that day brought to the bar in the custody of the sheriff; that being arraigned on each of the charges he pleaded "Not Guilty." Whereupon, on motion of the District Attorney, the case was fixed for trial for March the 6th, 1897, and the accused was released on bond. For some reason unexplained the cases were not tried on that day.

On the seventh of March of the next year, 1898, the accused having failed to answer to his name when called, a bench warrant issued for his arrest returnable March 8, 1898. On that day the cases were fixed for trial for the tenth of the month. The minutes do not show that the accused was present when they were so fixed. The minutes of the tenth recite that "these cases regularly fixed came on their day for trial. Present: A. Estopinal, Jr., District Attorney, for State. The accused present in court and represented in *propria persona*. The accused being ready for trial the following persons (naming them) were duly called, presented, accepted and sworn as the jury to try these cases.

"The evidence being completed these cases were submitted.

"The court charged the jury in relation to each of the charges of wounding with intent to kill and carrying concealed weapons, ordered them to retire to their room to deliberate on their verdict and to appoint their own foreman.

"After a short absence the jury returned into court and through their foreman, Francis Bourg, returned a verdict of guilty as charged on each information; whereupon the court ordered the verdicts recorded and the jury discharged from further consideration of the cases."

Defendant, through counsel, moved for a new trial, on the ground:

1. Because the verdict of the jury was contrary to the law and the evidence.

2. Because the defendant had had no sufficient notice of the assignment of his cases for trial.

3. Because the accused, who was unprepared for trial and had no counsel to represent, him was tried and convicted solely upon the testimony of the witnesses for the prosecution and in the absence of his witnesses whose names he had furnished to the proper officer and

which said witnesses could easily have been procured; they all being residents of the parish.

4. Because the accused, who is illiterate and had no means to employ counsel, had every reason to believe that his witnesses would have been summoned (he having furnished their names to the committing magistrate, who had marked their names on the back of the the affidavit) until the time when during the trial he caused the first of his witnesses to be called when he discovered for the first time that none of his witnesses had been summoned.

5. Because since the trial of the cause his friends had procured him the assistance of counsel and he then invoked the right to be permitted to establish his defence by lawful evidence and to obtain the process of the court to procure the attendance of his witnesses. The motion for a new trial was overruled.

The accused was brought to the bar and sentenced. The minutes recite that "the court on the verdict of guilty of wounding with intent to kill, considering Sec. 794 of the Revised Statutes, sentenced Moses Rollins to imprisonment in the State penitentiary at hard labor for a period of eight months and to pay a fine of one dollar, and on the verdict of guilty of carrying concealed weapons, the court, considering Sec. —— of the Revised Statutes, sentenced Moses Rollins to·pay a fine of fifteen dollars and costs, and in default thereof to suffer imprisonment in the parish jail for a period of twenty-five days."

Defendant filed a bill of exceptions to the action of the court in refusing a new trial.

This bill recites that immediately after the verdict was rendered in the case, counsel for the accused applied for a new trial or for time to prepare application for new trial. Whereupon the court declared that this was the last day he intended to hold court in the parish for the present term, and requested counsel to state the grounds upon which would be based his said intended application, and said counsel having done so in the manner above, and as well as the short time allowed, and his knowledge of the case permitted, and the judge overruling said motion, proceeded forthwith to sentence the accused under said verdict and Sec. 794, R. S., to pay a fine of one dollar and suffer imprisonment at hard labor for eight months. Whereupon counsel for accused reserved a bill of exception to the ruling of the court.

The District Judge made the following statement upon the bill:

" The trial took place on Thursday, March 10, 1898, it being the last day of the present term of the court.   The accused was indicted for the offence at a prior term  of this court, and his  case continued to the present term, he  being released  on bond  for  his appearance thereto.   On Monday, March 7, 1898, the prisoner  having failed to appear for trial, on motion of  the District Attorney a  bench warrant issued  for his  arrest, and on Tuesday, March the 8th, the following day, being brought into court, his case was  fixed for trial for Thursday, March 10, 1898.

"On the  day  of his  trial, the defendant was asked the following question by the Court: 'Do you wish to be tried by the  judge or by the jury?'   He answered:  'By a jury.'  The sheriff was  then ordered to call the names of the witnesses summoned by the State and by the defendant, which he did in the presence of the accused, and the trial was  then  proceeded  with  without  objection  on  the part of the defendant."

"1. The  verdict rendered was in accordance with the law and the evidence.

"2. The defendant had sufficient notice of the assignment of his case for trial.

"3. The prisoner  did not ask the Court to assign an attorney to defend him  and  chose  to  appear  by  himself, nor did he ask for a continuance on any ground whatsoever.

"4 The names of the witnesses furnished to the sheriff by him were summoned with the exception of one  who could not be found.

"These witnesses were  present at the  trial of the cause and their testimony was  given  on behalf of the  defendant.  The services of counsel were  secured  only  after  verdict  and at  the very moment that  the  defendant was  to  receive  sentence.  It  was  then  their motion for a new trial was made.

"5. The defendant or his friends had ample time  prior to the trial to procure the assistance of counsel."

No  assignment  of error was made in the Supreme Court, nor was any  brief  filed on behalf of appellant.  His counsel argued the case orally.

The accused  in  this  case  went to trial without the assistance of counsel.   There  is no pretence that the Court  informed him that he was entitled to counsel or asked him  whether he desired that counsel

should be assigned to him. Though the giving of this information and the asking of this question have not been imposed upon courts by law, it has become almost universally the practice for them to do so *ex proprio motu*. While it has been held that if a prisoner does not ask the court to assign an attorney to defend him and chooses to appear by himself and he is convicted, the want of counsel is no good reason for a new trial (State vs. Kelly, 25 An. 382) it is none the less a fact to be considered in connection with others for the purpose of ascertaining whether in any particular case he has been accorded the full opportunities for defense, which it is the duty of the State to extend to its people, even those who may be ultimately and deservedly found guilty of crime.

The minutes do not show that the appellant was present when the case was assigned for trial. *Per se*, standing alone, that fact might not be good ground for a new trial, but this also is a circumstance to be considered. The District Judge, in his reasons for refusing a new trial, states that appellant was present at that time, but that is not the proper place where such fact should appear. Defective minutes are not to be eked out by statements so made by the judge. The case was tried two days after the assignment. The clerk in his minutes recites as a fact that the accused was ready for trial when the case was called, but the minutes do not declare that he was asked whether he was ready, and answered that he was. As matters stand, the statement is a mere conclusion of the clerk. If the court's statement be taken as showing the facts of the case at that time, he was not asked that question at all, but simply " whether he would be tried by the court or the jury," and having answered " by the jury," the jury was at once called, empaneled and sworn and the case at once disposed of. The court says the services of counsel were secured only after verdict and at the very moment that the defendant was to receive sentence. " That it was then that motion for new trial was made." That is true, but the record shows that the verdict in the case, the motion for a new trial, the sentence of the accused and the adjournment of court, all followed in rapid succession on the same day. The motion for a new trial comes before us in a very irregular manner. It is unsworn to and reaches us as part of the minutes of the court. The reason for this appears to have arisen from the fact that the court declined to grant counsel of accused time to write out his motion and insisted that he should

59

state his grounds for the same at once. The reasons seem to have been assigned verbally and to have been taken down by the clerk. We see no reason for this haste. Counsel for accused could not have acted any more promptly than they did.

The judge states all this happened upon the day that he intended to adjourn the court, but this intention to adjourn should have given way at once before the reasonable demand made for time to prepare the legal motions which the law allows to be made between verdict and sentence. There is no reason assigned by the court why this hasty adjournment should have been made on that day and we see none.

In State vs. Gardner, 10 An. 25, this court said: "The right to move for a new trial is guaranteed to the defendant in the smallest civil cases. In criminal cases the same right exists, as also the additional right of moving in arrest of judgment for defects apparent on the face of the record.

"These rights may be waived by the parties, but they can not be denied by the courts. To refuse a reasonable time for the exercise of a right is tantamount to a denial of the right itself. This is exemplified in the present case. According to Hawkins the rule in the King's Bench in cases of misdemeanors was that four days should elapse between the conviction and the judgment if there were so many days remaining in the term. It is said by Chitty that the court if they granted a rule *nisi* will at the instance of the party applying make it a part of the rule that the defendant should have a certain time, *e. g.*, three days, to move in arrest of judgment after they shall have given their opinion upon the motion for a new trial, or the defendant may obtain a rule in the alternative, though as the motion in arrest may be made at any time before judgment is pronounced, it would seem that such a special rule is not necessary.

"The analogy between criminal and civil proceedings in the English court in regard to these matters of practice is very striking. Our Code of Practice relates to civil proceedings alone, but by analogy it may occasionally afford a safe guide to criminal proceedings. We are not called on to determine what a reasonable time for the preparation of the motion in question would be; we only say that the judge erred in refusing to grant any time whatever." Those views are thoroughly correct.

It will not do to say that the motion for a new trial was, in fact,

made and overruled. The law contemplates a motion made with reasonable opportunities for preparation and in this case for examination. It may be that the accused was properly found guilty and that he should be punished. If that be true and he be not punished now, it will demonstrate that harsh proceedings in the District Court are not the surest and best methods of securing the ends of justice.

We are of the opinion that the sentence appealed from should be as prematurely rendered, set aside and the cause remanded to the District Court and there reinstated on the docket with leave to the defendant to make formal motions for a new trial and in arrest of judgment and for further proceedings according to law, and it is hereby so ordered and decreed.